This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41740**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAVIER SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief in the above-entitled cause, pursuant to this Court's notice of assignment to the general calendar with modified briefing. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order in *In re Pilot Project for Criminal Appeals*, No. 2022-002, we affirm for the following reasons.

**{2}** Defendant appeals from his convictions, following a jury trial, for aggravated fleeing a law enforcement officer, driving while license revoked, and vehicle subject to registration. [RP 235-37] On appeal, Defendant challenges the district court's denial of his motion to suppress, and argues that the officer lacked reasonable suspicion for the initial stop. [BIC 1; RP 100, 102]

**{3}** At the suppression hearing, the stopping officer testified. [BIC 2] The officer testified that she observed a vehicle with no license plate, but with a piece of paper on the inside of the back windshield. She "thought it was a type of temp tag, demo tag." [6-22-23 CD 10:07:37] She could only make out the number "2" and could not see anything else. She made a traffic stop on the vehicle and walked up to the driver's side. As she walked up, she recognized it was a temporary tag, after she activated her high-beams. The officer testified that the reason for the stop was improper display of registration. [BIC 2; 6-22-23 CD 10:07:38-10:08:13]

**{4}** On cross-examination, the officer testified that she pulled Defendant over for the improper display of registration. [6-22-23 CD 10:17:50-10:17:59] She testified that if there was a type of plate in the window, it had to be displayed on the right and there could not be any window tint, and the rules were the same for dealer and temporary tags. [BIC 3] The officer testified that Defendant's tag was slanted and in the top left of the back windshield on the inside of the car, and there was tint on the window. [6-22-23 CD 10:18:56-10:19:13] She testified that the tag has to be "legible" and if it is on the inside of the car, there cannot be any tint. [BIC 3; 6-22-23 CD 10:19:42] Further, on cross-examination, the officer testified that it was dark at the time of the stop, around 9:30 p.m., and while she could still see a piece of paper in the upper left of the back windshield, under the street lights the numbers on the tag were not visible generally. [BIC 3; 6-22-23 CD 10:22:38-10:22:54]

**{5}** The sole argument Defendant makes on appeal is that this Court should find the "officer's testimony about the 'actual' reason for the stop was not credible," because the officer also testified that when she first approached Defendant, she told Defendant that he could not be driving on dealer tags. [BIC 5-6; 6-22-23 CD 10:27:51] The officer acknowledged that she told Defendant that he could not drive on dealer tags, but that the actual reason for the stop was the improper display of the tag, not the improper use of a dealer tag. [BIC 6; 6-23-23 CD 10:28:28]

**{6}** As Defendant's citations acknowledge, it was within the district court's role to determine the credibility of the officer. [BIC 6] It is well established that the fact-finder, here the district court judge at the suppression hearing, determines the credibility of the officer's testimony, and is entitled to reject Defendant's version of events. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that contrary evidence supporting acquittal does not provide a basis for reversal because the fact-finder is free to reject the defendant's version of the facts).

**{7}** In light of the above, and holding there is no error that would warrant reversal, we affirm the district court's order denying Defendant's motion to suppress for lack of reasonable suspicion.

**{8}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**